# Tuthill et al., Appellants, *v.* Sweeting.

*Actions—Res adjudicata—Ejectment—Prior suit in equity.*

1. Where a decree has been entered in a proceeding in equity and is unappealed from, and thereafter an action of ejectment is brought relating to the same subject-matter and involving the same cause of action, the issue is res adjudicata and the decree in the equity suit is conclusive on the parties.

2. Where in an action of ejectment for an interest claimed by plaintiffs in certain oil grounds it appeared that defendant was in possession of the rights claimed by plaintiffs under an agreement between defendant and plaintiffs' predecessor in title, and that in a prior suit in equity between defendant and plaintiffs' predecessor in title all the questions sought to be raised in the ejectment proceeding had been determined in favor of defendant, the court properly directed a verdict for defendant.

Argued April 30, 1917. Appeal, No. 55, Jan. T., 1917, by plaintiffs, from judgment of C. P. Warren County, June T., 1916, No. 9, discharging plaintiffs' rule for judgment non obstante veredicto in case of William E. Tuthill, John W. Sweeting, Carlotta H. Knupp, Curtis S. Shattuck, Helen L. Sweeting, Ida E. Karr and Rosa B. Lauffenberg, and Helen L. Sweeting and Ida E. Karr, Executors of the Estate of Lucinda Sweeting, deceased,

v. George Sweeting.   Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Ejectment to recover an interest claimed by plaintiffs in certain oil lands.   Before HINCKLEY, P. J.          .

From the record it appeared that defendant had been in possession under an agreement between him and plaintiffs' predecessor in title, Lucinda Sweeting; that plaintiffs' predecessor in title had undertaken to terminate the agreement and to oust defendant from the premises; that defendant thereupon filed a bill in equity against the said Lucinda Sweeting, praying inter alia that Lucinda Sweeting be restrained from interfering with him in producing oil under the said agreement.   In the said proceeding the rights of the parties under the agreement were considered and adjudicated.   Plaintiffs sought to raise the same questions that had been decided in the suit in equity.

Other facts appear in the opinion of the Supreme Court.

The lower court directed a verdict for the defendant and subsequently refused plaintiffs' motion for judgment n. o. v.   Plaintiffs appealed.

*Error assigned,* among others, was in discharging plaintiffs' rule for judgment n. o. v.

*D. I. Ball,* with him *D. U. Arird,* for appellants.

*C. E. Bordwell,* with him *A. G. Eldred,* for appellee.

PER CURIAM, May 14, 1917:    ·
From the decree in the equity proceeding instituted by the appellee the defendant took no appeal.   In this proceeding there is the same subject-matter, involving the same cause of action, and the correct conclusion of the court below was that the issue is res adjudicata.   The

judgment is affirmed on the following from the opinion overruling plaintiffs' motion for judgment n. o. v.: "We are of the opinion that the previous adjudication established the fact that as between the parties to that adjudication, Lucinda Sweeting and George Sweeting, the makers of the agreement in question, their rights had been fixed and the defendant had acquired a vested title to produce oil and have the one-half thereof so long as the said oil wells produced oil in paying quantities....... These parties by their original agreement contemplated that the agreement should continue 'so long as the said wells produce oil in paying quantities,' and that the said George Sweeting who is now defendant here should invest money and furnish certain fixtures for the property. The findings of fact in the former case determined that money had been expended by him in fitting up the oil wells with necessary derricks, materials and machinery. The agreement had become executed and irrevocable in any event. It is unnecessary now to inquire into the amount or character of the investment. It was made upon the faith of the agreement. The former adjudication settled that, so far as the agreement in question is concerned, it had become executed and irrevocable between the parties. If so it is not an agreement in our opinion that is affected by the death of the grantor."

Judgment affirmed.